FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS YOBANY GUERRA-MEDINA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72723 <br><br> Agency No. A073-391-208 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012**

Before:   SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Carlos Yobany Guerra-Medina, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

the immigration judge's ("IJ") decision denying his application for asylum and

---

&ast;      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Guerra-Medina established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, his asylum claim, including his claim for humanitarian asylum based on abuse by his now-deceased father, fails.

Guerra-Medina fears future persecution by gangs if he returns to Honduras. Substantial evidence supports the agency's finding that Guerra-Medina failed to establish a clear probability of future persecution, especially given the lack of problems for Guerra-Medina's seven brothers who continue to live in Honduras unharmed. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident...") (internal quotation marks and citation omitted). Accordingly, his withholding of removal claim fails.

**PETITION FOR REVIEW DENIED**.